

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OFFSHORE MARINE CONTRACTORS, INC.** | CIVIL ACTION |
| **VERSUS** | NO:      04-1088 |
| **LABORDE MARINE CREWBOATS, LLC,** **HORIZON OFFSHORE CONTRACTORS, INC.** | SECTION: "D" (4) |

Before the Court is a **Motion to Quash Deposition and alternatively, for Entry of Protective Order (doc. #41)**, filed by the defendant, Horizon Offshore Contractors, Inc. ("Horizon" or "the defendant"), to quash the notice of deposition of Bill Gibbens ("Gibbens"), Horizon's General Counsel, previously scheduled for June 28, 2005.[1] Horizon also requests that the Court enter a protective order to bar any further attempts to notice this deposition.

The plaintiff, Offshore Marine Contractors, Inc. ("Offshore" or "the plaintiff"), opposes the motion on the basis that it is entitled to depose Gibbens, irregardless of his status as Horizon's General Counsel, as he has information relevant to the plaintiff's claims and Horizon's defenses based on an oral discussion, and there are no other means available to obtain the information.

A hearing on this motion, with oral argument, was held on July 13, 2005.

---

[1] Horizon filed this motion on June 20, 2005, with a request for expedited hearing, which was denied. (See Rec. Doc. Nos. 39 and 40).

I.   **Background**

   A.   **Factual Background**

   This is an admiralty and maritime action brought by the plaintiff, Offshore Marine Contractors ("Offshore") against defendants Horizon, LaBorde Marine Contracts, LLC, Algonquin Gas Transmission Co., and Duke Energy Corp. The plaintiff seeks to recover amounts allegedly due pursuant to a "Blank Time Charter Agreement" and "Short Term Charter Agreement," executed in October 2003, which governed the contractual relationship between the plaintiff and the above-named defendants.

   Pursuant to these agreements, the plaintiff, a subcontractor, was to provide services and vessels to lift a barge, as well as specialized marine services, for the construction of a natural gas pipeline in the Boston Harbor. According to the plaintiff, Horizon failed to disclose material information concerning the project, its schedule and costs, and failed to design and manage the project timely or properly. Nevertheless, the plaintiff asserts that it performed all services required of it based on the agreements. However, the plaintiff alleges that Horizon refused to fully compensate it for those services, and acted arbitrarily in withholding payments.

   B.   **Settlement Discussions**

   As a result, in April 2004, a purported agreement was reached between the plaintiff's representative, Mike Eymard ("Eymard"), and Horizon's representative, George Reuter ("Reuter"). However, prior to this agreement, Eymard, by telephone, contacted Gibbens who was Eymard's attorney prior to joining Horizon as in-house counsel, as he had been unable to obtain a response from Horizon regarding the outstanding invoice. Gibbens then referred Eymard to Reuter for resolution.

   According to the defendant, $340, 291.00 was due to the plaintiff, but Eymard advised Reuter that the plaintiff would consider accepting a reduced payment. As such, Eymard and Reuter allegedly negotiated a reduced amount of $277, 244.00 as final settlement. Reuter then indicated that payment

would be forwarded, and a signed lien release waiver would be required. On April 26, 2004, the settlement amount was submitted to the plaintiff, however, when Reuter requested the signed release, another plaintiff's representative, Louis "Tobie" Eymard, advised that the plaintiff had no intentions on signing a release as nothing less than the full payment would be required.

The defendant contends that even though Gibbens discussed Horizon's indebtedness with Eymard, there was no substantive discussion regarding settlement as the essence of the conversation was the referral of Eymard to Reuter for resolution. As such, the defendant argues that Gibbens has no personal knowledge of facts and can offer no relevant testimony on the issue of settlement. Further, the defendant contends that because Gibbens acted in his legal capacity relative to matters pertaining to this lawsuit, it is impermissible for him to be deposed regarding those matters.

The plaintiff, however, asserts that Gibbens should be deposed as Eymard and Reuter's recollection of the settlement negotiations conflict. As such, the plaintiff contends that Gibbens's deposition is necessary to rebut Horizon's defense that the claim was compromised or settled. The plaintiff further indicated a willingness to execute a protective order to limit the scope of Gibbens's testimony.

## II.     Standard of Review

### A.     Scope of Discovery

Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party..." Further, discovery may be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely

benefit..." Fed. R. Civ. P. 26(b)(2).

The discovery rules are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials. *Hebert v Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)), and "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Courts have recognized that while it is true that relevance in discovery is broader than that required for admissibility at trial, "the object of inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue." *Zenith Electronics Corp. v Exzec, Inc.,* 1998 WL 9181, *3 (N.D.Ill 1998) (quoting *Piacenti v. Gen. Motors Corp.*, 173 F.R.D. 221, 223 (N.D.Ill.1997)). Further, the information must be "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Courts have also recognized that "the legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Id.* Therefore, discovery methods shall be limited by the Court if it determines that the discovery sought is unreasonably cumulative or duplicative. Fed. R. Civ. Proc. 26(b)(2)(i).

B.      **Burdens Imposed by Federal Rule of Civil Procedure 26(c)**

The decision to enter a protective order is within the court's discretion. *Thomas v Int'l Bus. Mach.,* 48 F.3d 478, 482 (10th Cir. 1995). Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *See In re: Terra International, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998)(citing *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)).      Under Federal Rule

of Civil Procedure 26(c), the party seeking the protective order must show good cause by demonstrating a particular need for protection. For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *Cippollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). Further, if a blanket stipulated protective order is entered by the Court, pursuant to Rule 26(c), such order can be inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document. *Id.*

### C. Motion to Quash

The discovery rules are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials. *Hebert v Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)), and "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

### III. Analysis

The defendant maintains that the notice of Gibbens's deposition should be quashed as deposing attorneys of record is disfavored by the courts and should only occur in limited circumstances as enumerated by the Eighth Circuit in *Shelton v. Am. Motors Corp.* 805 F.2d 1323 (8th Cir. 1986).

The defendant further contends that the request to depose a party's attorney meets the good cause showing for a protective order pursuant to Federal Rule of Civil Procedure 26(c). In support, Horizon cites to *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83 (M.D. N.C. 1987). In *N.F.A.*, the Court

reasoned that protective orders totally prohibiting a deposition should rarely be granted absent extraordinary circumstances, such as a request to take the deposition of a party's attorney. *Id.* at 84. Therefore, Horizon indicated that because courts routinely grant protective orders to prevent the deposition of attorneys of record, a protective order affording the same relief should be granted in this case.

The plaintiff first contends that Gibbens is not Horizon's attorney of record, as this matter is being handled by another in-house attorney at Horizon. Further, the plaintiff maintains that attorneys are not immune from providing testimony, even if the attorney is the "attorney of record" in that matter, and routinely testify at hearings, depositions, and trial. Also, the plaintiff contends that the discussions at issue occurred prior to the filing of the instant lawsuit and were limited to the plaintiff's outstanding invoices.

The plaintiff contends that it also meets the three extraordinary circumstances set forth in *Bd. of Comm'rs v. Missouri Pac. R. R.,* 647 So. 2d 340 (La. 1994), which is identical to the circumstances set forth in the *Shelton* case cited by the defendant.[2] First, the plaintiff contends that Gibbens is the party to obtain the information from as payment on the invoice was orally discussed. Second, the information is relevant, material, and admissible to Horizon's defense of settlement and compromise, as the parties' testimony concerning this issue conflicts, and does not violate the attorney-client privilege. Third, the resolution of whether the matter was settled or compromised is crucial as it may be a deciding factor in this litigation.

In the instant case, none of the parties alleged that Gibbens played a role in confecting the alleged settlement at issue in this case. In fact, at the hearing, both parties confirmed that Gibbens's involvement was confined to a single telephone discussion with Eymard after he experienced difficulty obtaining a response from Horizon concerning the invoice at issue. As such, Gibbens simply served as an initial point

---

[2] The requesting party must show that there (1) are no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

6

of contact for the plaintiff who was referred to George Reuter for resolution. Considering that Gibbens's involvement in this matter is limited to a single discussion with the plaintiff's representative concerning payment due on the invoice, the Court finds that Gibbens can provide no relevant testimony regarding the purported settlement in this case. As such, because the relevant inquiry concerns settlement discussions that did not involve Gibbens, the notice of Gibbens's deposition should be quashed. Also, the defendant's request for a protective order barring further attempts to depose Gibbens is denied as moot as the Court has determined that Gibbens can provide no relevant testimony concerning the alleged settlement at issue in this case.

Accordingly,

**IT IS ORDERED** that defendant, Horizon Offshore Contractors, Inc.'s **Motion to Quash Deposition and alternatively for Entry of Protective Order (doc. #41)** as it relates to the request to quash the Notice of Deposition of Bill Gibbens is hereby **GRANTED.**

**IT IS ALSO ORDERED** that defendant, Horizon Offshore Contractors, Inc.'s **, Motion to Quash Deposition and alternatively for Entry of Protective Order (doc. #41)** as it relates to the request for a Protective Order barring further attempts to depose Gibbens is hereby **DENIED AS MOOT** as the Court has determined that Bill Gibbens can provide no relevant testimony on the settlement at issue.

A recording of this hearing was made by the Court. To obtain a copy of a transcript of this proceeding for the Court's findings, the parties should contact Betty DiMarco, Court Recorder Supervisor, (504) 589-7721.

New Orleans, Louisiana, this ____ day of July 2005.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE