

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -1  P 4:03

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OFFSHORE MARINE CONTRACTORS, INC. | * | CIVIL ACTION |
| VERSUS | * | NO: 04-1088 |
| LABORDE MARINE CREWBOATS, LLC | * | SECTION: "D"(4) |

### ORDER AND REASONS

Before the court are the following motions:

(1) **"Motion for Summary Judgment"** (Doc. No. 45) filed by Plaintiff, Offshore Marine Contractors, Inc. (Offshore Marine); and

(2) **"Motion for Summary Judgment Based on the Doctrine of Accord and Satisfaction"** (Doc. No. 48) filed by Defendant, Horizon Offshore Contractors, Inc. (Horizon).

The motions, set for hearing on Wednesday, December 7, 2005, are before the court on briefs, without oral argument. Now having considered the record, the memoranda of counsel and the applicable law, the court finds that both motions should be denied.

___ Fee_____
___ Process____
_X_ Dktd_____
___ CtRmDep__
___ Doc. No.__

## I. Background

Plaintiff Offshore Marine commenced this action to recover monies owed to Plaintiff by Defendant Horizon, pursuant to a charter agreement entered between them for hire of one of Plaintiff's vessels, the L/B KAITLYN. Plaintiff filed its Complaint in this matter, stating that: "This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure," and "Jurisdiction is based on general maritime law." (*See* Complaint, Doc. No. 1, ¶¶ 1 & 2).

Horizon answered Plaintiff's Complaint and asserted as its "Sixth Defense":

> Plaintiff's Complaint is barred under the doctrine of accord and satisfaction, payment, and/or compromise. In particular, Horizon remitted payment in the amount of $277,244.00 to plaintiff in full and complete satisfaction of any and all claims which are the basis of plaintiff's present lawsuit.

(*See* Horizon's Answer, Doc. No. 13).

## II. Legal Analysis

In **Plaintiff's Motion for Summary Judgment**, Plaintiff seeks a ruling from this court dismissing Defendant Horizon's affirmative defense of "accord and satisfaction, payment, and/or compromise." Plaintiff argues that the pre-suit settlement that Defendant Horizon contends was reached between Plaintiff and Defendant Horizon failed to meet the requirements of Louisiana Civil Code

2

Article 3071.[1]

However, Plaintiff's reliance on Louisiana Civil Code Article 3071 is fatally flawed, because "where the substantive rights and liabilities of the parties derive from federal law" (as is the case

---

[1] Louisiana Civil Code Article 3071 provides:

**Transaction or compromise; definition**

A *transaction* or *compromise* is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.

This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record to the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.

La.Civ.Code Art. 3071.

Plaintiff argues that the subject **Blanket Time Charter Agreement** "itself contains a choice of law provision designating the operative law as that of the State of Louisiana." (*See* Plaintiff's Memorandum in Support of its Motion for Summary Judgment, p. 13, n. 6). However, the court notes that Article 23 of that Charter Agreement states:

> This Agreement shall be construed in accordance with the admiralty and maritime laws of the United States of America and the Laws of the State of Louisiana.

*See* Blanket Time Charter Agreement, at Article 23. (While both Plaintiff and Defendant referred to this Charter Agreement in their respective memoranda in support of their Motions for Summary Judgment, the Charter Agreement was not attached as an Exhibit to either party's memorandum. At the Status Conference held on November 30, 2006, the court instructed counsel to fax the court a copy of the subject Charter Agreement. The court received the faxed copy and has now made it a part of the record as an attachment to Order, Doc. No. 56).

While the Charter Agreement recognizes the application of both admiralty and maritime law as well as Louisiana state law, admiralty law preempts state law when it is contradictory to maritime law's purpose. *IMTT-Gretna v. Robert E. Lee*, 993 F.2d 1193, 1195 (5th Cir. 1993).

3

here), "[q]uestions regarding the enforceability or validity of [settlement] agreements are determined by federal law." *Mid-South Towing Company v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984). Under federal general maritime law, oral settlement agreements are recognized and enforced. *Kossick v. United Fruit Co.*, 365 U.S. 731, 734, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961). Thus, the fact that there was no written settlement agreement signed by the parties is not dispositive of the question whether a settlement was reached.

In its **Cross-Motion for Summary Judgement**, Defendant Horizon argues that summary judgment is proper because Plaintiff received a full accord and satisfaction of any debt allegedly owed Plaintiff by Horizon. Horizon further argues that "estoppel by accord and satisfaction" is "a common law concept judicially incorporated in Louisiana jurisprudence"[2] and "an accord and satisfaction does not have to be an express agreement; rather, it may be implied from the surrounding circumstances."[3]

However, *based on the summary judgment evidence submitted by the parties*, the court finds that there is a genuine issue of material fact regarding whether or not the parties' respective

---

[2] *See* Horizon's Memorandum in Support of its Motion for Summary Judgment, p. 7, *citing Charles X. Miller, Inc. v. Oak Builders, Inc.*, 306 So. 2d 449, 451-52 (La.App. 4th Cir. 1975).

[3] *See* Horizon's Memorandum in Support of its Motion for Summary Judgment, p. 8, *citing* 1 AM.JUR.2d Accord & Satisfaction (1985).

agents intended or understood that Horizon's payment to Plaintiff was made is full settlement of outstanding sums owed. *Fishback & Moore, Inc. v. Cajun Electric Power Co-op*, 799 F.2d 194 (5th Cir. 1986).

At the Status Conference held on Wednesday, November 30, 2005, the court discussed with counsel of record whether or not the court should hold an **evidentiary hearing** on the issue of "whether or not Plaintiff Offshore Marine and Defendant Horizon reached a pre-suit settlement." The court determined that the interests of justice and efficiency would best be served by holding such an evidentiary hearing and resolving this issue *before* Trial, and the court scheduled the evidentiary hearing for **Monday, January 20, 2006 at 10:00 a.m.**[4] Again, questions regarding the enforceability or validity of purported settlement agreement will be determined by

---

[4] "[W]hen opposition to enforcement of the settlement is based not on the merits of the claim but on a challenge to the validity of agreement itself, the parties must be allowed an evidentiary hearing on disputed issues of the validity and scope of the agreement." *Mid-South Towing Co.*, 733 F.2d at 390.

In *Mid-South Towing*, the district court had enforced by summary judgment an agreement to settle a case pending before it, but the Fifth Circuit reversed and remanded because the district court had effectively made a factual finding (without holding an evidentiary hearing) that one of the parties' attorneys had authority to settle when the affidavits and arguments of counsel still left this factual question in dispute. *Id.* at 391.

Unlike the district court in *Mid-South*, this court (by denying Horizon's Motion for Summary Judgment) is not summarily enforcing a settlement agreement. However, this court would still have to decide whether or not the parties reached a settlement agreement, either at Trial or earlier at an evidentiary hearing.

federal law, and not Louisiana law. *Mid-South Towing Company*, 733 F.2d at 389.

Accordingly;

**IT IS ORDERED** that the **Cross-Motions for Summary Judgment (Docs. Nos. 45 & 48)** respectively filed by Plaintiff Offshore Marine and Defendant Horizon be and are hereby **DENIED**.

**IT IS FURTHER ORDERED** that an **EVIDENTIARY HEARING** be held concerning the issue of "whether or not Offshore Marine and Horizon Offshore reached a pre-suit settlement" on **Monday, January 30, 2006, at 10:00 a.m.** By **Monday, December 12, 2005**, the parties are to submit to the court a "**Joint Pre-Hearing Submission**" setting forth a list of the parties' respective Exhibits and Witnesses. For each Witness listed, a brief summary of that witness' testimony should be included.

New Orleans, Louisiana, this 1st day of Dec , 2005.

A.J. McNAMARA
UNITED STATES DISTRICT JUDGE