```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

OFFSHORE MARINE CONTRACTORS,    *          CIVIL ACTION
INC.

VERSUS                          *          NO: 04-1088

LABORDE MARINE CREWBOATS,       *          SECTION: "D"(4)
LLC, AND HORIZON OFFSHORE
CONTRACTORS, INC.
```

## ORDER AND REASONS

Before the court is the **"Motion for New Trial/Alteration or Amendment of Judgment"** filed by Defendant/Plaintiff-in-Counterclaim and Cross-Claim, Laborde Marine Crewboats, LLC. Defendant, Horizon offshore Contractors, Inc. filed a memorandum in opposition. The motion, set for hearing on Wednesday, February 28, 2006, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be denied.

In its motion, Laborde argues that although there was no specific contractual agreement between Offshore Maine and Laborde for the payment of brokerage fees, the court should nevertheless award Laborde pre-judgment interest on the sum of $35,965.00 that

Offshore Martine undisputably owes Laborde in brokerage fees. The court rejects this argument. The only written contracts in this case were the charter agreements between Offshore Marine and Horizon. And while there was an oral side agreement between Laborde and Offshore Marine wherein Offshore marine agreed to pay Laborde its customary brokerage fees for Horizon's charter of the L/B KAITLYN EYMARD, these parties had no discussion or agreement regarding either interest or attorney's fees if Horizon either failed to pay or untimely paid Offshore Marine.

Laborde also argues that the court's Judgment fails to award Laborde attorney's fees *against Horizon* pursuant to Louisiana's open account statute, LSA-R.S. 9:2781. Laborde submits that "[t]he evidence clearly established that all of the charter fees due under the charter were billed by Laborde to Horizon, inclusive of the brokerage fees due Laborde." (Laborde's Memo. at p. 6). However, there was no absolutely no evidence that any type of contract or agreement (much less an open account arrangement) existed between Laborde and Horizon.[1] And even Laborde acknowledges that to have an action on an open account, "there must necessarily be a contract which gave rise to the debt." *Id. citing Montgomery Stire &*

---

[1] In its Order and Reasons, the court also found that Laborde was not entitled to attorney's fees from Offshore Marine, because there was no discussion or agreement between Laborde and Offshore Marine regarding attorney's fees if Horizon either failed to pay or untimely paid Offshore Marine.

*Partners, Inc. v. London Livery,* Ltd, 769 So.2d 703 (La.App. 4th Cir. 1990); Gulfstream *Services, Inc. v. Hot Energy Services, Inc.*, 907 So.2d 96 (La.App. 1st Cir. 2005).[2]

Accordingly;

**IT IS ORDERED** that Laborde's **"Motion for New Trial/Alteration or Amendment of Judgment"** be and is hereby **DENIED.**

New Orleans, Louisiana, this **27th** day of **February**, **2007**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[2]   Laborde also notes that:

> The statutory requirement of giving written demand upon the debtor thirty (30) days prior to filing of suit (noted in footnote 17 to the Court's order and reasons of January 25, 2007) was removed by Act[] 2001, No. 1075, clarifying that written demand did not have to precede suit on an open account, and impliedly overruling the older cases that so held.

(Laborde Memo., at p. 7, n. 2).

As the court had noted, Laborde sent its demand letter to Horizon almost two years after Laborde filed its cross-claim against Horizon. (*See* Order and Reasons of January 25, 2007, p. 18, n. 17). While Laborde may not have been required to send its demand letter before filing its demand, Laborde was still required to show that it had an open account arrangement with Horizon in this case. It did not.

3